WAITE v. MENDENHALL ET AL., EXECUTORS AND TRUSTEES.

*Negligence—Executor or trustee—Liability—Injuries from defective elevator in apartment building.*

An executor or trustee owning and managing an apartment building, and operating an elevator therein for the accommodation of tenants and others lawfully in the building, is liable to a party lawfully using the same for damages resulting from the negligence of such executor or trustee in allowing the elevator to become defective and out of repair.

(Decided August 3, 1922.)

ERROR: Court of Appeals for Montgomery county.

*Mr. I. L. Jacobson* and *Mr. W. S. Rhotehamel,* for plaintiff in error.

*Messrs. Murphy, Elliff & Leen* and *Messrs. McMahon, Corwin & Landis,* for defendants in error.

ALLREAD, J. Waite brought action against the defendants, as executors and trustees of the Mendenhall estate, for personal injury, based upon negligence in failing to keep in proper repair an elevator in an apartment building.

It is averred in the amended petition that the defendants as executors and trustees own, manage and operate the Mendenhall apartment building and receive the entire income and rent thereof, that in the management thereof they maintain and exercise exclusive control of the automatic electric elevator for the use and accommodation of tenants and those desiring to visit or do business with tenants in such building, that defendants allowed the elevator to become out of repair and defective, and that the plaintiff, on lawful business with a tenant, entered the building and elevator and was injured by reason of such defects.

The trial court sustained a demurrer to the amended petition, and this is the error complained of.

The question presented involves the liability of the estate for the negligence or tort of the executors and trustees.

The Ohio cases relied upon to sustain the ruling of the trial court are *Westfall* v. *Dungan, et al., Exrs.,* 14 Ohio St., 276; *Dunlap* v. *Robinson, Admr.,* 12 Ohio St., 530, and *Deschler* v. *Franklin, Exr.,* 20 C. C., 56.

The first two cases may be distinguished because there the administrator had only limited power in the settling of the estate, and could not, therefore, bind the beneficiaries. Here the executors had larger powers as trustees, holding title and exercising full powers of management and control. The *Deschler case* is in point and must be either followed or disapproved.

Since the decision of that case the Supreme Court has decided the case of *Brown, Admr.,* v. *Winterbottom,* 98 Ohio St., 127, holding the trust

estate liable for the negligence of a receiver. While the *Winterbottom case* is not parallel with the case at bar, it points with much favor toward a liability on the part of the trust estate. Judge Jones in the opinion refers to the fact that the receiver there was appointed to *"manage"* the property, and must, therefore, have been appointed at the instance of the mortgagee.

Here, the executors as trustees were appointed by will, and the appointment would necessarily involve the power of subjecting the trust estate to liabilities created by the trustees. The ultimate beneficiaries are subordinate to the management and control of the executors and trustees and take their estate subject thereto.

Counsel for defendants in error seek to distinguish the case of a receiver from that of a trustee. While the court in the *Winterbottom case* gave reasons that might apply peculiarly to receivers, as the receiver acted under general authority to *manage* the property we are impressed that the case has some application here. We are of opinion that upon general principles the more reasonable rule in a case where executors and trustees hold title under a will, and are invested with the management and control of property, and receive the entire income from the property, is that the trust estate should be held liable for the negligence and tort of the executors and trustees in failing to keep the property in proper repair for the benefit of the tenants and those who would naturally be expected to enter the premises as invited guests or to transact business.

We appreciate that this case is a novel one and that the authorities in other states are conflicting.

Nevertheless, considering the case in view of general principles and the light shed by the recent case of *Brown* v. *Winterbottom, supra,* we are led to the conclusion that the demurrer to the amended petition should have been overruled.

Judgment reversed, and cause remanded with instructions to overrule the demurrer to the amended petition and for such further proceedings as may be authorized by law.

*Judgment reversed.*

FERNEDING and KUNKLE, JJ., concur.